# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2001

## STATE OF TENNESSEE v. DARRYL LEE ELKINS

### Appeal from the Criminal Court for Sullivan County
#### No. S41,530     R. Jerry Beck, Judge

---

### No. E2001-01245-CCA-R3-CD
### March 27, 2002

---

JOSEPH M. TIPTON, J., concurring and dissenting.

I concur in the majority opinion regarding the child rape conviction. I respectfully disagree regarding the attempted rape conviction. I believe the evidence is insufficient to convict the defendant of any offense above a Class B misdemeanor assault.

I have two areas of concern: (1) the defendant's conduct and the inferences derived therefrom and (2) the defendant's future conduct and the inferences derived therefrom. As for the conduct at issue, as described by the victim, I do not believe that the defendant, fully clothed, getting on top of the prone victim and "abouncing" on him carries an inference beyond a reasonable doubt that sexual contact, or an attempt at sexual contact, or an attempt to rape the victim occurred so as to justify a finding that a sexual offense was committed.

The majority opinion concludes that the jury could infer that the defendant was lying prone on top of the victim. However, I view this inference to be no more likely than the inference that the defendant was on his knees and sitting on his feet and the victim's legs while leaning forward and "abouncing" or that he was actually sitting on the victim "abouncing." In any event, I believe that any sexual connotation given to the defendant's conduct – as described by the victim – requires a level of speculation that precludes a finding beyond a reasonable doubt.

As for the defendant's intent, the only remaining evidence available to the jury was the defendant's conduct two weeks later when the defendant raped the victim. Again, I do not believe that this evidence justifies an inference beyond a reasonable doubt that the defendant had the intent to rape the victim two weeks earlier. It is one thing to infer from recent past conduct, when the mental state was clear, that a similar intent existed for future conduct. It is quite another to infer from future conduct a similar intent for past conduct that, in many ways, was dissimilar to the future conduct. I note that in United States v. Boyd, 595 F.2d 120, 126 (3d Cir. 1978), the court stated, "The logic of showing prior intent or knowledge by proof of subsequent activity escapes us." I

acknowledge that certain courts have admitted subsequent criminal conduct as relevant to proving the mens rea for past conduct in certain circumstances. See, e.g., United States v. Hadaway, 681 F.2d 214, 217-18 (4th Cir. 1982) (holding that a series of similar offenses subsequent to the offense on trial were relevant to the defendant's intent because thinking "in a particular illegal way over a period of time is evidence that one's thought patterns had already been so developed and were so operating on another previous occasion"). However, I do not believe that the facts provided by the victim regarding the rape, a single event, justify a finding beyond a reasonable doubt that the defendant intended to rape the victim two weeks before.

I believe that the only offense proven by the victim's testimony is assault by knowingly causing physical contact with the victim which a reasonable person would regard as extremely offensive or provocative. See Tenn. Code Ann. § 39-13-101(a)(3). Thus, I would reduce the conviction to one for that offense and would impose the maximum sentence of six months in jail to be served consecutively with the sentence for rape of a child.

_____
JOSEPH M. TIPTON, JUDGE